UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

IN RE: BENNIE GIBSON

**ORDER**

No. 22-CV-3716
(KAM)(RL)

----------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

On April 30, 2002, Judge Sterling Johnson, Jr., in civil actions 01-CV-8232 and 01-CV-8379, barred Plaintiff from filing any future *in forma pauperis* complaints unless Plaintiff "demonstrates imminent danger of serious physical injury." (*See Gibson v. Wise*, No. 01-CV-8382, ECF No. 10; *Gibson v. Vega*, No. 01-CV-8379, ECF No. 9.) Judge Johnson ordered that to file any future *in forma pauperis* complaint, Plaintiff must: (a) request written authorization from the Court and must specifically allege the imminent danger of serious physical injury to Plaintiff; (b) attach the proposed complaint to any request for leave to file; and (c) attach a copy of the Court's April 30, 2002 Orders in 01-CV-8232 and 01-CV-8379 to his submission.[1] (*Id.*)

Similarly, on March 4, 2019, in dismissing miscellaneous case 18-MC-3037 in light of Plaintiff's "extensive history of

---

[1] A prisoner cannot bring a civil action or appeal under 28 U.S.C. § 1915 without first showing the imminent danger of serious physical injury if they have, on three or more prior occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g).

1

vexatious litigation in this court" and failure to set forth plausible allegations of "danger of imminent serious physical injury," this Court advised Plaintiff that Judge Sterling's prior orders "barring [him] from future *in forma pauperis* complaints without first seeking leave of court remain[ed] in effect." (*Gibson v. City Comm'r, NYC Police Dep't et al*, No. 18-MC-3037, ECF No. 8.)

In the instant case, Plaintiff filed a letter on June 21, 2022 requesting leave to file a complaint and to proceed *in forma pauperis*.² (No. 22-CV-3716, ECF No. 1.) By letter dated June 23, 2022, the Clerk's Office noticed Plaintiff that his submission was deficient, as he failed to pay the filing fee of $402.00 or submit an *in forma pauperis* application, and because he failed to attach a proposed complaint to his request for leave to file. (No. 22-CV-3716, ECF No. 2.) Plaintiff was directed to file the required documents to the Court within 14 days. (*Id.*) On June 27, 2022, Plaintiff filed a second request for leave to file but again failed to pay the filing fee or submit an *in forma pauperis* application, or submit a proposed complaint. (No. 22-CV-3716, ECF No. 3.) More than 14 days have elapsed, and Plaintiff has yet to submit the required documents. On August 3, 2022, the

---

² The Court notes that though Plaintiff's submission did not include a proper complaint, the Clerk's Office opened a new civil action and assigned a document number to the submission. Plaintiffs' letter submissions to the Court, (No. 22-CV-3716, ECF Nos. 1, 5), cannot be considered a proper complaint because, for example, they do not set forth any defendants or the relief Plaintiff seeks.

2

notice of deficient filing mailed to Plaintiff at the address provided by Plaintiff was returned as undeliverable, with a notation on the returned mailing that said, "wrong address." (No. 22-CV-3716, ECF No. 4.)

Based on Plaintiff's letter and the address from which Plaintiff mailed the motion for leave to file, it appears that Plaintiff is not currently incarcerated.  Accordingly, the Court grants Plaintiff a final opportunity to submit the required documents by October 25, 2022.  Specifically, Plaintiff is directed to file a proper complaint, and file an *in forma pauperis* application or pay the filing fee.  The Clerk of Court is respectfully directed to mail a copy of this Order and a notice of deficient filing package to Plaintiff at his last known address,[3] and note mailing on the docket.  Plaintiff is advised that failure to comply with this Order by the deadline imposed will result in dismissal and closure of this case.

SO ORDERED.

DATED:   October 12, 2022
         Brooklyn, New York

                                                  /s/
                                        **HON. KIYO A. MATSUMOTO**
                                        United States District Judge

---

[3] "[W]hen a party, even *a pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address." *English v. Azcazubi*, No. 13-cv-5074(RRM), 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015). *See Thornton v. Moroney*, No. l3-cv-8912(ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) (explaining that pro se litigants have a "duty to diligently pursue [their] case and to inform th[e] Court[ ] . . . of any change of address.").

3